# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Victor Lamar McKaney,<br><br>    Petitioner,<br><br>v.<br><br>Charles L. Ryan, et al.,<br><br>    Respondents. | No. CV-15-00771-PHX-DJH (BSB)<br><br>**REPORT AND RECOMMENDATION** |

Petitioner Victor Lamar McKaney has filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 and a supporting brief. (Doc. 1; Doc. 1-1 at 4-21.) Respondents assert that the Petition should be dismissed as untimely under the Anti-Terrorism and Effective Death Penalty Act (AEDPA), which provides the statute of limitations applicable to state prisoners seeking federal habeas corpus relief. (Doc. 11 at 17-23.) Alternatively, Respondents argue that federal habeas corpus review of Petitioner's claims is procedurally barred. (*Id.* at 23-47.) Petitioner has filed a reply in support of his Petition. (Doc. 12.) For the reasons below, the Court finds the Petition untimely, recommends that it be dismissed, and does not consider Respondents' alternative argument.

**I. Factual and Procedural Background**

  **A. Charges, Trial, and Sentencing**

On July 20, 1995, Petitioner was charged in the Pinal County Superior Court with one count of first-degree murder. (Doc. 11, Ex. D.) On July 27, 1995, a supervening

indictment charged Petitioner with this same count. (Doc. 11, Ex. E.) On March 7, 1997, a jury found Petitioner guilty as charged. (Doc. 11, Ex. F.) On May 28, 1997, the trial court sentenced Petitioner to a term of natural life imprisonment without the possibility of parole. (Doc. 11, Exs. G, H at 15-17.)

### B. Direct Appeal

On June 12, 1997, Petitioner filed a notice of appeal in the Arizona Court of Appeals. (Doc. 11, Ex. M.) In his opening brief, Petitioner raised the following claims: (1) the trial court erred by denying Petitioner's motion for a mistrial based on the mid-trial disclosure of laboratory reports; (2) the trial court erred by giving a flight instruction over Petitioner's objection; (3) "[t]he prosecutor committed misconduct warranting a new trial by arguing inflammatory theories unsupported by the evidence"; (4) the evidence was insufficient to support a conviction for first-degree murder; and (5) the trial court relied on improper factors when sentencing Petitioner. (Doc. 11, Ex. N at i.) On November 13, 1997, the appellate court affirmed Petitioner's conviction and sentence. (Doc. 11, Ex. R.) Petitioner did not seek review in the Arizona Supreme Court. (*Id.*)

### C. Post-Conviction Review

#### 1. First Post-Conviction Proceeding

On November 5, 1997, Petitioner filed a notice of post-conviction relief in the trial court pursuant to Rule 32 of the Arizona Rules of Criminal Procedure. (Doc. 11, Ex. Q.) On May 19, 1998, Petitioner, through counsel Harriette Levitt, filed a petition for post-conviction relief. (Doc. 11, Ex. S.) Counsel advised the court that Petitioner claimed that trial counsel was ineffective for failing to move to suppress his statements to police, and for failing to have Petitioner evaluated by a psychologist to determine whether he was competent. (*Id.*) Counsel stated that she had reviewed Petitioner's videotaped confession and his medical records and discussed the matter with a psychologist. (*Id.*) She was unable to find evidence to support Petitioner's claims and, therefore, could not "in good faith, argue Petitioner's claims of ineffective assistance of counsel." (*Id.*) Counsel requested an extension of time for Petitioner to file a pro se brief. (*Id.* at 9-10.) The

court granted Petitioner until August 26, 1998 to file a pro se brief. (Doc. 11, Ex. V.) However, before that deadline has passed, on July 27, 1998, the trial court denied post-conviction relief. (Doc. 11, Ex. U.) The court stated that it had reviewed the file and the petition, and found no claims entitling Petitioner to relief. (*Id.*) On August 5, 1998, post-conviction counsel filed a motion to withdraw as counsel and requested an extension of time for Petitioner to file a petition for review. (Doc. 11, Ex. V.)

Over a year later, on August 13, 1999, Petitioner filed a pro se motion for an extension of time to file a petition for review from the trial court's denial of post-conviction relief. (Doc. 11, Ex. W.) Petitioner stated that he was waiting to receive trial documents from trial counsel. (*Id.*) On September 1, 1999, the court treated Petitioner's motion as a request for an extension of time to file a petition for post-conviction relief, and granted him an additional sixty days to file a petition. (Doc. 11, Ex. X.) The court also directed trial counsel to provide Petitioner with records that pertained to his case. (*Id.*)

On September 10, 1999, trial counsel advised the court that, before Petitioner's direct appeal was filed, he provided Petitioner with a copy of his file and transcripts. (Doc. 11, Ex. Y.) On October 7, 1999, Petitioner notified the court that trial counsel had not provided him with "sufficient documents." (Doc. 11, Ex. Z.) On November 9, 1999, Petitioner filed another motion for an extension of time to file a "petition for review," stating that he still did not have his court records. (Doc. 11, Ex. AA.) On December 17, 1999, the court dismissed the post-conviction proceeding because Petitioner had not filed a petition for post-conviction relief by the deadline. (Doc. 11, Ex. BB.) Petitioner did not seek review in the Arizona Court of Appeals. (Doc. 1 at 7.)

### 2.     Second Post-Conviction Proceeding

Over twelve years later, on March 5, 2013, Petitioner filed a petition for post-conviction relief in the trial court. (Doc. 11, Ex. CC.) Petitioner raised the following issues: (1) post-conviction counsel was ineffective for failing to raise substantial claims of ineffective assistance of trial counsel; (2) post-conviction counsel also served as

appellate counsel in violation of "*State v. Bennett*"; (3) post-conviction counsel was ineffective for failing to raise a claim of ineffective assistance of trial counsel based on trial counsel's failure to argue that Petitioner's confession was elicited while he was experiencing a grand mal seizure; and (4) trial counsel was ineffective for failing to secure a plea offer and then subjecting Petitioner to a trial resulting in a natural life sentence, despite evidence that Petitioner was incompetent. (Doc. 11, Ex. CC at 1-2.) After filing his petition, on April 4, 2013, Petitioner filed a related notice of post-conviction relief. (Doc. 11, Ex. DD.)

On May 23, 2013, the trial court dismissed the petition as untimely and successive. (Doc. 11, Ex. EE.) Petitioner filed a petition for review in the Arizona Court of Appeals arguing that the trial court erred by denying the petition for post-conviction relief as untimely and successive. (Doc. 11, Ex. FF.) Petitioner also argued that trial counsel was ineffective for failing to explain the benefits of entering a plea agreement compared to the risks of going to trial. (Doc. 11, Ex. HH.) On November 7, 2013, the court of appeals granted review, but denied relief. (*Id.*) The court found that the trial court correctly found Petitioner's claim of ineffective assistance of trial counsel precluded under Rule 32.2(a)(3) because Petitioner could have raised that claim in his first post-conviction proceeding. (*Id.*) Petitioner filed a pro se petition for review with the Arizona Supreme Court. (Doc. 11, Ex. II.) On May 8, 2014, the Arizona Supreme Court denied review. (Doc. 11, Ex. JJ.)

### D.     Federal Petition for Writ of Habeas Corpus

On April 24, 2015, Petitioner filed a Petition for Writ of Habeas Corpus and a supporting brief in this Court.[1] (Doc. 1; Doc. 1-1 at 4-21.) Petitioner raises the following claims: (1) appellate counsel was ineffective for (a) failing to challenge the trial court's refusal to order a Rule 11 evaluation of Petitioner, (b) failing to challenge trial counsel's

---

[1] The Court considers the Petition filed on the date Petitioner delivered it to prison officials for mailing. (Doc. 1 at 11); *see Houston v. Lack*, 487 U.S. 266, 270-71 (1988) (a legal document is deemed filed on the date a petitioner delivers it to the prison authorities for filing by mail).

failure to request a Rule 11 evaluation, and (c) failing to challenge trial counsel's failure to challenge Petitioner's confession that was given "under duress of a medical seizure" (Ground One); (2) post-conviction counsel was ineffective for failing to assert a claim of ineffective assistance of appellate counsel (Ground Two); (3) post-conviction counsel, who also served as appellate counsel, failed to raise substantial claims of ineffective assistance of trial and appellate counsel (Ground Three); (4) trial counsel was ineffective for failing to "properly secure the plea offer from the state of second-degree murder of not less than 15 years," thereby subjecting Petitioner "to a trial resulting in a natural life sentence when there was overwhelming evidence of [first]-degree murder" and that Petitioner was incompetent (Ground Four); and (5) trial counsel was ineffective for failing to object to the State's use of a police report at sentencing (Ground Five). (Doc. 1 at 8-14.)

Respondents assert that the Petition should be dismissed as untimely. (Doc. 11.) Alternatively, Respondents argue that federal habeas corpus review of Petitioner's claims is procedurally barred. (*Id.*)  For the reasons below, the Court finds the Petition untimely, recommends that it be dismissed, and does not consider Respondents' alternative argument.

**II.    Statute of Limitations**

    **A.    Commencement of the Limitations Period**

The AEDPA provides a one-year statute of limitations for state prisoners to file petitions for writ of habeas corpus in federal court.  28 U.S.C. § 2244(d)(1).  The limitations period generally commences on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."  28 U.S.C. § 2244(d)(1)(A).[2]  Therefore, to assess the timeliness of the Petition, the Court determines the date on which Petitioner's conviction became "final by the conclusion of direct review."  28 U.S.C. § 2244(d)(1)(A).

---

[2] The statute of limitations commences on the latest of the dates determined by applying §§ 2244(d)(1)(A) through (D).  *See* 28 U.S.C. §§ 2244(d)(1)(A)-(D).  Petitioner does not make any allegations indicating that subsections (B), (C), or (D) should apply.

1    After his trial and sentencing, Petitioner pursued direct review in the Arizona Court of Appeals. (Doc. 11, Exs. M, N.) On November 13, 1997, the appellate court affirmed Petitioner's conviction and sentence. (Doc. 11, Ex. R.) Petitioner did not seek review in the Arizona Supreme Court. (*Id.*) Accordingly, his conviction became final thirty days later, on December 15, 1997, upon the expiration of time for seeking review in the Arizona Supreme Court.[3] *See Gonzalez v. Thaler*, ___ U.S. ___, 132 S. Ct. 641, 656 (2012) (for a state prisoner who does not seek review in the State's highest court, the judgment becomes "final" on the date the time for seeking such review expires); *Hemmerle v. Schriro*, 495 F.3d 1609, 1073-74 (9th Cir. 2007) (in Arizona, a direct appeal is final upon the expiration of the time for seeking review of the court of appeals' decision in the Arizona Supreme Court, rather than upon the issuance of the mandate); Ariz. R. Crim. P. 31.19(a) (an Arizona litigant must file a petition for review by the Arizona Supreme Court within thirty days after the court of appeals files its decision). Therefore, the one-year limitations period commenced on December 16, 1997 and expired one year later unless tolling applies. *See Patterson v. Stewart*, 251 F.3d 1243, 1245-47 (9th Cir. 2001) (the AEDPA limitations period begins to run on the day after the triggering event pursuant to Fed. R. Civ. P. 6(a)).

### B.    Statutory Tolling

Pursuant to the AEDPA, the one-year limitations period is tolled during the time that a "properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2); *see Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir. 1999) (stating that an application for collateral review is pending in state court for "all the time during which a state prisoner is attempting, through proper use of state court procedures, to exhaust state remedies with regard to particular post-conviction proceedings.").

---

[3] Thirty days after November 13, 1997 was Saturday, December 13, 1997. The next business day was Monday, December 15, 1997.

- 6 -

1  While his direct appeal was still pending, on November 5, 1997, Petitioner filed a notice of post-conviction relief. (Doc. 11, Ex. Q.) Thus, the limitations period that would have started running on December 16, 1997, was immediately tolled by the earlier-filed application for post-conviction relief. *See* 28 U.S.C. § 2244(d)(2); *Isley v. Ariz. Dep't of Corrections*, 383 F.3d 1054, 1055-56 (9th Cir. 2004) (in Arizona, statutory tolling begins when a Rule 32 notice of post-conviction relief is properly filed). The statute of limitations remained tolled while Petitioner's post-conviction proceeding was pending in state court. *See* 28 U.S.C. § 2244(d)(2). On December 17, 1999, the trial court dismissed the post-conviction proceeding. (Doc. 11, Ex. BB.) Petitioner did not seek review in the appellate court. (Doc. 1 at 7.) Accordingly, his post-conviction proceeding was no longer pending and the statute of limitations began running on December 18, 1999, and expired one year later on December 18, 2000.[4] *See Hemmerle*, 495 F.3d at 1074-75 (stating that the petitioner's notice of post-conviction relief tolled the AEDPA limitation period only up to the date that the trial court summarily dismissed the post-conviction action for petitioner's failure to timely file a petition for review).

  Over twelve years later, on March 5, 2013, Petitioner commenced a second post-conviction proceeding in state court.[5] (Doc. 11, Ex. CC.) However, this proceeding was commenced after the limitations period had expired and could not toll the already expired limitations period. *See Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003) (holding that "section 2244(d) does not permit the re-initiation of the limitations period that has ended before the state petition was filed."). Therefore, the statute of limitations expired on December 18, 2000. Petitioner did not file his pending Petition until April 24, 2015. (Doc. 1.) Thus, the Petition is untimely unless Petitioner establishes that equitable tolling or an exception to the limitations period applies.

---

[4] One year after December 17, 1999 was Saturday, December 16, 2000. The next business day was Monday, December 18, 2000.

[5] Petitioner filed his second petition for post-conviction relief on March 5, 2013. (Doc. 11, Ex. CC.) On April 4, 2013, he filed his notice of post-conviction relief. (Doc. 11, Ex. DD.)

## C. Equitable Tolling

The AEDPA limitations period may be equitably tolled because it is a statute of limitations, not a jurisdictional bar. *Holland v. Florida*, 560 U.S. 631, 645 (2010). However, a petitioner is entitled to equitable tolling only if he shows: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo,* 544 U.S. 408, 418 (2005). "The diligence required for equitable tolling purposes is reasonable diligence, not maximum feasible diligence." *Holland*, 560 U.S. at 653 (internal citations and quotations omitted). Whether to apply the doctrine of equitable tolling "'is highly fact-dependent,' and [the petitioner] 'bears the burden of showing that equitable tolling is appropriate.'" *Espinoza-Matthews v. California*, 432 F.3d 1021, 1026 (9th Cir. 2005) (internal citations omitted).

Petitioner does not provide any explanation for the untimely filing of his Petition. (Doc. 1 at 16; Doc. 12.) Rather than addressing the AEDPA's statute of limitations, Petitioner argues that the procedural default of his claims should be excused under *Martinez v. Ryan*, ___ U.S.___, 132 S. Ct. 1309 (2012).[6] (Doc. 1 at 7, 8, 10, 11, 13, 14, 16; Doc. 1-1 at 4-21; Doc. 12.) Even if the Court were to construe the Petition and Reply as asserting that the untimely filing should also be excused under *Martinez,* that argument would fail.

*In Martinez*, the Supreme Court held that, under limited circumstances, the ineffective assistance of post-conviction counsel could constitute cause to excuse the procedural default of a claim of ineffective assistance of counsel. *Martinez*, 132 S. Ct. at 1315; *see also Ha Van Nguyen v. Curry*, 736 F.3d 1287, 1293-95 (9th Cir. 2013) (extending the holding in *Martinez* to claims of ineffective assistance of appellate counsel). The *Martinez* decision does not address the timeliness of a habeas petition or

---

[6] Petitioner also refers to *Detrich v. Ryan*, 740 F.3d 1237 (9th Cir. 2013) and *Trevino v. Thaler*, ___U.S. ___, 133 S. Ct. 1911 (2013). (Doc. 1 at 7, 8, 10, 11, 13, 14; Doc. 12 at 3.) These cases discuss the Supreme Court's decision in *Martinez* in relation to habeas corpus petitioners whose claims were procedurally defaulted. *See Detrich*, 740 F.3d at 1242-1246; *Trevino*, 133 S. Ct. at 1912-14. These cases do not discuss whether the *Martinez* decision applies to the AEDPA statute of limitations.

- 8 -

the tolling of the AEDPA limitations period. *See Worrell v. Ryan,* WL 1951657, at *1 (D. Ariz. Apr. 28, 2015) ("[T]he *Martinez* decision has no application to the issue of the timeliness of the petitioner's habeas petition."); *Wheelwright v. Wofford*, 2014 WL 3851155, at *3 (E.D. Cal. Aug. 5, 2014) ("Although the rule in *Martinez* is an equitable one, it applies only to procedural default issues and does not apply to equitable tolling principles pertinent to the AEDPA limitations issue."); *see also White v. Martel*, 601 F.3d 882, 884 (9th Cir. 2010) (the adequacy analysis used to decide procedural default issues is inapplicable to the determination of whether a federal habeas petition was barred by the AEDPA statute of limitations); *Moreno v. Ryan*, 2014 WL 24151, at *1 (D. Ariz. Jan. 2, 2014) (rejecting the petitioner's claim that *Martinez* delayed the start of the limitations period pursuant to 28 U.S.C. § 2244(d)(1)(C) and finding that "*Martinez* has no applicability to this action as it does not concern the timeliness of a habeas petition."). Accordingly, the *Martinez* decision does not provide a basis for equitably tolling the limitations period.

Additionally, Petitioner's lack of familiarity with the law and lack of legal assistance do not constitute extraordinary circumstances sufficient to toll the limitations period. "[I]t is well established that 'ignorance of the law, even for an incarcerated *pro se* petitioner, generally does not excuse prompt filing.'" *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000) (quoting *Fisher v. Johnson*, 174 F.3d 710, 714 (9th Cir.1999)). Petitioner's ignorance of the law and indigent status do not distinguish him from the great majority of inmates pursuing habeas corpus relief. Such circumstances are not extraordinary and do not justify tolling the limitations period. "If limited resources, lack of legal knowledge, and the difficulties of prison life were an excuse for not complying with the limitation period, the AEDPA's limitation period would be meaningless since virtually all incarcerated prisoners have these same problems in common." *Bolanos v. Kirkland*, 2008 WL 928252, at *4 (E.D. Cal. Apr. 4, 2008); *see also Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006) (affirming the denial of equitable tolling because neither the district court's failure to advise the petitioner of the right to amend his petition

to include unexhausted claims, nor petitioner's inability to correctly calculate the limitations period, were extraordinary circumstances warranting equitable tolling).

Similarly, any delay that Petitioner experienced in receiving the record in his criminal case matter does not constitute an "extraordinary circumstance" that prevented Petitioner filing a timely federal petition. Petitioner admits that he was in possession of the record "around the second week of January, 2000[,]" more than thirteen years before he filed his petition with this Court. (Doc. 1-1 at 12-15.)

### D. Exception to the Statute of Limitations

In *McQuiggin v. Perkins*, ___ U.S. ___, 133 S. Ct. 1924 (2013), the Supreme Court recognized an exception to the AEDPA statute of limitations for a claim of actual innocence. The Court adopted the actual innocence gateway previously recognized in *Schlup v. Delo*, 513 U.S. 298, 314-15 (1995), for excusing the bar to federal habeas corpus review of procedurally defaulted claims. *McQuiggin*, 133 S. Ct. at 1928 (citing *Schlup*, 513 U.S. at 937-38.) To pass through the *Schlup* gateway, a "petitioner must show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." *Schlup*, 513 U.S. at 316. *Schlup* requires a petitioner 'to support his allegations of constitutional error with new reliable evidence — whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence — that was not presented at trial.'" *Lee v. Lampert*, 653 F.3d 929, 938 (9th Cir. 2011) (quoting *Schlup*, 513 U.S. at 324).

Petitioner has not presented new evidence and has not shown that failure to consider his claims will result in a fundamental miscarriage of justice. (Doc. 1; Doc. 1-1 at 4-21; Doc. 12.) Thus, this exception does not excuse his untimely filing.

### III. Conclusion

Petitioner did not file the pending habeas petition until years after the statute of limitations had expired and, therefore, the Petition is untimely. As set forth above, Petitioner is not entitled equitable tolling, and has not established that an exception to the limitations period should apply. Accordingly, the Petition should be denied as untimely

and the Court does not consider Respondents' alternative argument for denying habeas corpus relief. Because the Court does not reach the procedural default issue, Petitioner's request for discovery and a hearing "to show that his default is excused," (Doc. 1-1 at 20; Doc. 12), should also be denied.

Accordingly,

**IT IS RECOMMENDED** that the Petition for Writ of Habeas Corpus (Doc. 1), including Petitioner's request for discovery and an evidentiary hearing, be **DENIED**.

**IT IS FURTHER RECOMMENDED** that a Certificate of Appealability and leave to proceed in forma pauperis on appeal be **DENIED** because the dismissal of the Petition is justified by a plain procedural bar and reasonable jurists would not find the procedural ruling debatable and because Petitioner has not made a substantial showing of the denial of a constitutional right. This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of the District Court's judgment. The parties shall have fourteen days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6, 72. The parties have fourteen days within which to file a response to the objections. Failure to file timely objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the District Court without further review. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003).

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

Failure to file timely objections to any factual determinations of the Magistrate Judge may be considered a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation. *See* Fed. R. Civ. P. 72.

Dated this 20th day of October, 2015.

Bridget S. Bade
United States Magistrate Judge