IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Victor Lamar McKaney, | No. CV-15-00771-PHX-DJH |
| Petitioner, | **ORDER** |
| v. | |
| Charles L. Ryan, et al., | |
| Respondents. | |

This matter is before the Court on Petitioner's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) and the Report and Recommendation ("R&R") issued by United States Magistrate Judge Bridget S. Bade (Doc. 13).   Petitioner raised five grounds for relief in the petition.  (Doc. 1 at 8-14).  After a thorough analysis, Judge Bade determined that the petition was filed after the statute of limitations period expired and that Petitioner is not entitled to equitable tolling.  (Doc. 13 at 10-11).  Accordingly, Judge Bade recommends the petition be denied.  (*Id.* at 11).  Petitioner filed Objections to the R&R ("Objections") (Doc. 14) on November 5, 2015.

**I. Background**

The Magistrate Judge set forth the full factual and procedural background of this case in the R&R.  (Doc. 13 at 1-5).  The Court need not repeat that information here.

**II. Analysis**

Petitioner first objects to a background fact relied on by the Magistrate Judge. Petitioner further argues in his Objections that the Magistrate Judge erred by applying

1    statutory tolling to determine that his habeas petition was untimely.  Additionally,
2    Plaintiff appears to argue that the Magistrate Judge erred in concluding that the Supreme
3    Court's decision in *Martinez v. Ryan*, __ U.S. __, 132 S.Ct. 1309 (2012) applies only to
4    procedural default cases, not statute of limitations cases.  Petitioner further appears to
5    argue that *Martinez* created a change in the law that allowed Petitioner to file a new
6    petition for post-conviction relief in State court in 2013 and a habeas petition after that.

7          The district judge "shall make a de novo determination of those portions of the
8    report or specified proposed findings or recommendations to which objection is made."
9    28 U.S.C. § 636(b)(1)(C); *see also* Fed.R.Civ.P. 72(b)(3) ("The district judge must
10   determine de novo any part of the magistrate judge's disposition that has been properly
11   objected to."); *U.S. v. Reyna-Tapia,* 328 F.3d 1114, 1121 (same).  The judge "may
12   accept, reject, or modify, in whole or in part, the findings or recommendations made by
13   the magistrate judge."  28 U.S.C. § 636(b)(1)(C); Fed.R.Civ.P. 72(b)(3).

14         **A.  Factual Objection**

15         Petitioner's only objection to the factual and procedural background is the
16   Magistrate Judge's inclusion of a reference to a filing by Petitioner's direct appeal
17   counsel asserting that he provided Petitioner with a copy of his file and the trial
18   transcripts before the direct appeal was filed.  (Doc. 11, Exh. Y).  Petitioner asserts that
19   this fact should not be relied on because, according to Petitioner, his appellate counsel's
20   assertion is false.  That issue, however, has no bearing on the timeliness of his habeas
21   petition because as Petitioner admits, he was in possession of the record in January 2000,
22   which was almost a full year before the statute of limitations expired on December 18,
23   2000.  (Doc. 13 at 7).  Thus, any delay Petitioner is claiming in receiving his file and the
24   trial transcripts did not affect his ability to file a timely habeas petition.  The Court
25   therefore overrules Plaintiff's objection that the Magistrate Judge should not have
26   included the appellate counsel's assertion in the factual and procedural background.
27   Other than that fact, Petitioner does not object to the factual and procedural background
28   set forth in the R&R.

### B.  Legal Objections

Petitioner's remaining objections appear to derive from one underlying objection that the Magistrate Judge should not have recommended denial of his petition based on the statute of limitations.  Rather, Petitioner appears to be claiming that his petition should have been decided under the rules for procedural default which, he claims, would have permitted him to raise a claim under *Martinez.*  Petitioner, however, points to no legal authority, and the Court is aware of none, which says even though a habeas petition is untimely, the Court must consider whether it is procedurally defaulted.  The Court agrees with the Magistrate Judge that based on the untimeliness of the petition, the Court has no reason to consider the procedural default issue.  Likewise, after conducting its own review, the Court agrees that the petition was filed after the statute of limitations expired and is therefore untimely.

Following a jury determination that Petitioner was guilty of first degree murder, the trial court sentenced Petitioner on May 28, 1997 to natural life imprisonment without the possibility of parole (Doc. 11, Exs. F, G and H).  After Petitioner filed a direct appeal, the Arizona Court of Appeals affirmed the conviction and sentence on November 13, 1997, and Petitioner did not seek further review in the Arizona Supreme Court.  (Doc. 11, Ex. R).

Before receiving the Court of Appeals decision, Petitioner filed a notice of post-conviction relief on November 5, 1997.  (Doc. 11, Ex. Q).  Through counsel, Petitioner subsequently filed a petition for post-conviction relief in which counsel indicated she could find no issues to raise in good faith.  (Doc. 11, Ex. S).  The trial court granted Petitioner an extension of time to file a pro se petition but before the deadline passed, the trial court denied post-conviction relief.  (Doc. 11, Exs. V, U).  More than a year later, Petitioner again sought additional time to seek post-conviction relief, which the trial court granted.  (Doc. 11, Ex. X).  However, on December 17, 1999, the trial court dismissed post-conviction proceedings because Petitioner had not filed a pro se petition by the deadline.  (Doc. 11, Ex. BB).  Petitioner did not seek review of the trial court's decision

1    in the Arizona Court of Appeals.  (Doc. 1 at 7).

2         More than twelve years later, on March 5, 2013, Petitioner filed another petition

3    for post-conviction relief in the trial court.  (Doc. 11, Ex. CC).  On May 23, 2013, the

4    trial court dismissed the petition as untimely and successive.  (Doc. 11, Ex. EE).

5    Petitioner sought review in the Arizona Court of Appeals, which denied relief on

6    November 7, 2013 (Doc. 11, Ex. HH).  The Arizona Supreme Court then denied review

7    on May 8, 2014.  (Doc. 11, Ex. JJ).  Petitioner then filed his habeas petition in this Court

8    on April 24, 2015.  (Doc. 1).

9                          **1.  Statute of Limitations**

10        The Antiterrorism and Effective Death Penalty Act of 1996 imposes a statute of

11   limitations on federal petitions for writ of habeas corpus filed by state prisoners.  *See* 28

12   U.S.C. § 2244(d)(1). The statute provides:

13              A 1-year period of limitation shall apply to an
14        application for a writ of habeas corpus by a person in custody
         pursuant to the judgment of a State court. The limitation
15        period shall run from the latest of–

16              (A) the date on which the judgment became
         final by the conclusion of direct review or the expiration of
17        the time for seeking such review;

18        (B) the date on which the impediment to filing an application
         created by State action in violation of the Constitution or laws
19        of the United States is removed, if the applicant was
         prevented from filing by such State action;

20        (C) the date on which the constitutional right asserted was
21        initially recognized by the Supreme Court, if the right has
         been newly recognized by the Supreme Court and made
22        retroactively applicable to cases on collateral review; or

23        (D) the date on which the factual predicate of the claim or
         claims presented could have been discovered through the
24        exercise of due diligence.

25        Additionally, "[t]he time during which a properly filed application for State post-

26   conviction or other collateral review with respect to the pertinent judgment or claim is

27   pending shall not be counted toward" the limitations period. 28 U.S.C. § 2244(d)(2); *Lott*

28   *v. Mueller*, 304 F.3d 918, 921 (9th Cir. 2002). An application for post-conviction relief

remains "pending" for purposes of the tolling provision in § 2244(d)(2) until it achieves final resolution through the State's post-conviction procedure. *Carey v. Saffold*, 536 U.S. 214, 219-220 (2002). A post-conviction petition is "clearly pending after it is filed with a state court, but before that court grants or denies the petition." *Chavis v. Lemarque*, 382 F.3d 921, 925 (9th Cir. 2004). In Arizona, post-conviction review is pending once a notice of post-conviction relief is filed even though the petition itself may not be filed until later. *Isley v. Arizona Department of Corrections*, 383 F.3d 1054, 1056 (9th Cir. 2004) ("[W]e hold that Isley's state petition was "pending" within the meaning of 28 U.S.C. § 2244(d)(2) and he was entitled to tolling from the date when the Notice was filed. The district court erred in dismissing his petition as untimely."). Filing a new petition for post-conviction relief, however, does not reinitiate a limitations period that ended before the new petition was filed. *Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003).

The AEDPA's statute of limitations is subject to equitable tolling in appropriate cases. *Holland v. Florida*, 130 S.Ct. 2549, 2560 (2010). For equitable tolling to apply, a petitioner must show "(1) that he has been pursuing his rights diligently and (2) that some extraordinary circumstances stood in his way" that prevented him from filing a timely petition. *Id.* at 2562 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)) (internal quotation marks omitted).

Upon performing its own de novo review, the Court agrees with the Magistrate Judge and finds that the Petition was filed after the statute of limitations period expired. Here, just before Petitioner's direct appeal was decided, he filed a timely notice of post-conviction relief on November 5, 1997, thus tolling the limitations period. The limitations period remained tolled until the trial dismissed the post-conviction proceedings on December 17, 1999. *See* 28 U.S.C. § 2244(d)(2). Because post-conviction proceedings were no longer pending after that date, the statute of limitations began to run on December 18, 1999 and ran uninterrupted until it expired one year later on December 18, 2000. Petitioner's second petition for post-conviction relief in 2013

had no impact on the already expired limitations period.  Petitioner filed his habeas petition on April 29, 2015, more than fourteen years after the limitations period expired. Thus, the petition is untimely.

## 2. Equitable Tolling

Similarly, the Court finds Petitioner is not entitled to equitable tolling here.  The limitations period set forth in 28 U.S.C. § 2244(d) is subject to equitable tolling where a petitioner shows he has been pursuing his rights diligently and that extraordinary circumstances prevented him from filing a timely petition.  *Holland v. Florida*, 560 U.S. 631, 649 (2010).  Equitable tolling is applied sparingly, as reflected by the "extraordinary circumstances" requirement.  *Waldron-Ramsey* v. *Pacholke*, 556 F.3d 1008, 1011 (9th Cir. 2009).  Equitable tolling is unavailable in most cases. *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002) (stating that "the threshold necessary to trigger equitable tolling [under AEDPA] is very high, lest the exceptions swallow the rule.") (citation omitted). An "external force must cause the untimeliness, rather than, as we have said, merely 'oversight, miscalculation or negligence on [the petitioner's] part.'" *Waldron-Ramsey*, 556 F.3d at 1011(quoting *Harris v. Carter*, 515 F.3d 1051, 1055 (9th Cir. 2008)). A petitioner seeking equitable tolling bears the burden of demonstrating it is warranted in his habeas case. *Doe v. Busby*, 661 F.3d 1001, 1011 (9th Cir. 2011) (citing, *inter alia, Holland*, 130 S.Ct. at 2562).

Petitioner has not shown that extraordinary circumstances prevented him from filing a timely petition.  Instead, Petitioner argues in his Objections that he should be able to rely on the *Martinez* case.  But, as the Magistrate Judge correctly explains, the Supreme Court in *Martinez* held that "under limited circumstances, the ineffective assistance of post-conviction counsel could constitute cause to excuse the procedural default of a claim of ineffective assistance of counsel."  (Doc. 13 at 8) (citing *Martinez*, 132 S.Ct. at 1315).   Thus, the *Martinez* decision may provide a basis for relief in procedural default cases, but not in statute of limitations cases.  (*See* Doc. 13 at 9) (collecting cases).  Petitioner has presented no support to claim that *Martinez* affords him any relief with respect to the timeliness of his petition.  Petitioner has therefore not

demonstrated he is not entitled to equitable tolling.

**III.  Conclusion**

Based on the foregoing,

**IT IS ORDERED** that Magistrate Judge Bade's R&R (Doc. 13) is **accepted** and **adopted**.  Petitioner's Objections (Doc. 14) are overruled.

**IT IS FURTHER ORDERED** that the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) is **denied** and **dismissed with prejudice**.

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, a Certificate of Appealability and leave to proceed *in forma pauperis* on appeal are **denied** because dismissal of the Petition is justified by a plain procedural bar and jurists of reason would not find the procedural ruling debatable.

**IT IS FINALLY ORDERED** that the Clerk of Court shall terminate this action and enter judgment accordingly.

**Dated** this 19th day of April, 2016.

Honorable Diane J. Humetewa
United States District Judge